UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR., | Case No. 3:20-cv-00566-RCJ-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| ABRAHAM COLLINS, *et. al.*, | [ECF No. 36] |
| Defendants. | |

Before the Court is Plaintiff Troy Emanuel, Jr.'s ("Emanuel") motion for leave to file an amended complaint, (ECF Nos. 36, 36-1).[2] Defendants Michael Abraham Collins ("Collins"), Michael Gamberg ("Gamberg"), and David Santana ("Santana") (collectively referred to as "Defendants"), filed an opposition, (ECF No. 39), and Emanuel replied (ECF No. 41). For the reasons discussed below, the Court recommends that the motion for leave to file an amended complaint, (ECF No. 36), be denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Emanuel is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On October 1, 2020, Emanuel filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Emanuel was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) Emanuel's complaint alleged that on March 29, 2020, Brown Gamberg, and Kircher came to Emanuel's cell and informed him that he was required to go to the shower. (*Id.* at 6.) After Emanuel left his cell, he slipped in water. (*Id.*) When Emanuel slipped, Brown and Gamberg slammed Emanuel to the ground. (*Id.*) Gamberg

---

[1]    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 36 is the motion for leave to file an amended complaint and ECF No. 36-1 is the proposed amended complaint.

began punching Emanuel in the ribs and yelled that he would kill Emanuel and break his ribs. (*Id.* at 6-7.) Gamberg started smashing Emanuel's face into the ground. (*Id.* at 7.) Collins started bending Emanuel's legs and ankles and said he would break them. (*Id.*) Santana slammed his knee into Emanuel's back. (*Id.*) Emanuel was told to get up, but he could not walk because of the injuries to his ribs. (*Id.*) Emanuel asserted that he needed medical attention after the alleged incident, but he was refused treatment. (*Id.*)

On April 29, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 3.) The screening order allowed Emanuel to proceed on a single Eighth Amendment excessive force claim against Defendants Brown, Gamberg, Collins, and Santana. (*Id.* at 6.) The Court dismissed, without prejudice, Defendants Kircher and Gitter. (*Id.*)

Defendant Gamberg filed his answer to the complaint on November 29, 2021, (ECF No. 19), which Defendants Collins and Santana joined. (ECF Nos. 26, 29.) To date, Defendant Brown has not served. On December 29, 2021, a scheduling order was entered in this case, with a deadline of February 28, 2022 for the parties to file any amended pleadings. (ECF No. 32.) On January 26, 2022, Emanuel filed the instant motion for leave to file an amended complaint. (ECF No. 36.) Defendants opposed the motion, (ECF No. 39), and Emanuel replied, (ECF No. 41).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.*

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id*. In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### III.   DISCUSSION

Emanuel moves to amend his complaint to "clarify the cause of action" and "raise the dollar amount." (ECF No. 36.) Specifically, Emanuel seeks to add a conspiracy claim under 42 U.S.C. § 1985 for refusal to provide medical treatment and he also names an additional Defendant "Manny" who allegedly denied him medical treatment. (*See* ECF No. 36-1.) The proposed amended pleading also removes "Brown" as a defendant. (*Id.*) Defendants oppose the motion because (1) it does not comply with LR 7-2, (2) the motion "abounds in bad faith," (3) fails to state a conspiracy claim, and (4) violates Fed. R. Civ. P. 1 and FRE 408. (ECF No. 39.) Finally, Defendants request that if the Court is inclined to grant the motion, that the amended complaint be screened. (*Id.*)

Having reviewed Emanuel's proposed pleading the Court finds that the motion for leave to file an amended complaint (ECF No. 36) should be denied, as the proposed amended complaint fails to state a claim and is therefore futile.

Emanuel's proposed complaint seeks to add a conspiracy claim under 42 U.S.C. § 1985(3), based on a refusal to provide medical treatment. A claim under 42 U.S.C. § 1985(3) requires a plaintiff to allege and prove "some racial, or perhaps otherwise class-

based invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Emanuel's complaint does not provide any allegations that support such a claim. Further, to the extent Emanuel is attempting to state a claim based upon a conspiracy to violate his rights generally, this claim also fails. "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

Emanuel only provides conclusory allegations that Defendants Collins, Gamberg, Santana, and "Manny" had a meeting of the minds to interfere with Emanuel's rights. As such, Emanuel fails to state a claim upon which relief may be granted, making his proposed amendment futile. *Steckman*, 143 F.3d at 1298.

Accordingly, the Court recommends that Emanuel's motion for leave to file an amended complaint be denied. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (a motion for leave to amend a complaint may be denied if the proposed amendment is futile or would be subject to dismissal).

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Emanuel's motion for leave to file an amended complaint, (ECF No. 36), be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be

accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   RECOMMENDATION**

Based upon the foregoing, **IT IS RECOMMENDED** that Emanuel's motion for leave to file an amended complaint, (ECF No. 36), be **DENIED**.

**DATED**: March 17, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**