# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR., <br><br> Plaintiff, <br><br> v. <br><br> C/O COLLINS, *et al.*, <br><br> Defendants. | Case No. 3:20-CV-0566-RCJ-CLB <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] <br><br> [ECF No. 42] |

This case involves a civil rights action filed by Plaintiff Troy Emanuel ("Emanuel") against Defendants Michael Abraham Collins ("Collins"), Michael Gamberg ("Gamberg"), and David Santana ("Santana") (collectively referred to as "Defendants"). Currently pending before the Court is Emanuel's "motion for a protective order". (ECF No. 42.)[2] In the motion, Emanuel seeks injunctive relief to prevent alleged further abuse from correctional officers and an order for his transfer or release from prison. (*Id.*) Therefore, the Court construes Emanuel's motion as a motion for preliminary injunction. For the reasons stated below, the Court recommends that Emanuel's motion be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Emanuel is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. (ECF No. 1-1.) On October 1, 2020, Emanuel submitted his initial complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.)

Emanuel's complaint alleged that on March 29, 2020, Brown, Gamberg, and Kircher came to Emanuel's cell and informed him that he was required to go to the

---

[1]   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   Defendants opposed the motion, (ECF No. 44), and Emanuel replied. (ECF No. 46).

shower. (*Id.* at 6.) After Emanuel left his cell, he slipped in water. (*Id.*) When Emanuel slipped, Brown and Gamberg slammed Emanuel to the ground. (*Id.*) Gamberg began punching Emanuel in the ribs and yelled that he would kill Emanuel and break his ribs. (*Id.* at 6-7.) Gamberg started smashing Emanuel's face into the ground. (*Id.* at 7.) Collins started bending Emanuel's legs and ankles and said he would break them. (*Id.*) Santana slammed his knee into Emanuel's back. (*Id.*) Emanuel was told to get up, but he could not walk because of the injuries to his ribs. (*Id.*) Emanuel asserted that he needed medical attention after the alleged incident, but he was refused treatment. (*Id.*)

On April 29, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 3.) The screening order allowed Emanuel to proceed on a single Eighth Amendment excessive force claim against Defendants Brown, Gamberg, Collins, and Santana. (*Id.* at 6.) The Court dismissed, without prejudice, Defendants Kircher and Gittere. (*Id.*)

### A. Emanuel's Motion for Protective Order

On March 7, 2022, Emanuel filed the instant motion for protective order. (ECF No. 42.) In the motion, Emanuel seeks injunctive relief to prevent alleged further abuse from correctional officers and an order for his transfer or release from prison. (*Id.*) In the motion, Emanuel asserts that before and after the March 29, 2020 incident that forms the basis of his claim in this case, he was either verbally or physically assaulted by correctional officers on various occasions. For example, he asserts that he was subject to excessive force by unnamed correctional officers on September 24, 2019, September 15, 2020, and January 4, 2021. (*Id.* at 1.) He also claims that on April 30, 2021 a female correctional officer named "Ms. Bodenheimer" used racial slurs against him. (*Id.* at 1-2.) Emanuel further claims Bodenheimer "let out" two Mexican/Caucasian inmates from their cell who proceeded to stab an African American inmate causing a fight to ensue. (*Id.* at 2.) Based on these incidents, Emanuel claims that "he feels unsafe" and requests a transfer to another facility. (*Id.*)

///


Defendant opposed the motion arguing that Emanuel's motion should be denied because his claims are not ripe, and he has not exhausted his administrative remedies related to the new claims in his motion. (ECF No. 44.) Emanuel's reply restates his initial arguments. (ECF No. 46.)

## II.   LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d

at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison

4

administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at 8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). However, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id.*

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted

in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

### III.   DISCUSSION

In his motion, Emanuel seeks injunctive relief to prevent alleged further abuse from correctional officers and an order for his transfer or release from prison. (ECF No. 42.) Therefore, the Court construes Emanuel's motion as a motion for preliminary injunction. Having reviewed all the filings related to this motion with the above-cited principles in mind, the Court finds that Emanuel's motion should be denied. Although Emanuel briefly restates the facts of this case concerning an alleged use of excessive force on March 29, 2020, the primary substance of this motion is related to incidents that occurred after the acts that form the basis of this case. In fact, most of the incidents identified by the motion do not appear to involve Emanuel directly or any of the named defendants in this case. Rather, the alleged new incidents of misconduct appear to relate to actions taken against other inmates housed at ESP perpetrated by correctional officers who are not defendants in this case. Moreover, Emanuel has failed to establish or explain how any of these allegations or complaints have any nexus or relationship to the allegations in the underlying complaint, which is limited to a single incident of excessive force on March 29, 2020. Therefore, this motion seeks relief based on new allegations—that are distinct from issues presented in the complaint—and must be denied. *See e.g., Padilla*, 2011 WL 2746653, at *8 (denying request for preliminary injunction unrelated to claims in the complaint).

### IV.   CONCLUSION

For good cause appearing and the reasons stated above, the Court recommends that Emanuel's motion for preliminary injunction, (ECF No. 42), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Emanuel's motion for preliminary injunction, (ECF No. 42), be **DENIED**.

**DATED**: March 31, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**