**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>C/O COLLINS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:20-CV-00566-RCJ-CLB<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S REQUEST FOR LEAVE TO HAVE SAID VIDEOTAPE IN PLAINTIFF'S POSSESSION (CELL)**<br><br>[ECF No. 50] |

This is a civil rights action filed by Plaintiff Troy Emanuel, Jr. ("Emanuel") against Defendants Abraham Collins, Michael Gamberg, and David Santana (collectively referred to as "Defendants"). (ECF No. 1.) On April 29, 2022, the District Court entered a screening order allowing Emanuel to proceed on an Eighth Amendment excessive force claim against Defendants. (ECF No. 3.) Emanuel, who is incarcerated in the Nevada Department of Corrections ("NDOC"), filed the instant motion requesting that he be provided a copy of a videotape of the alleged excessive force incident so that he can provide it to prospective attorneys to persuade them to take his case. (ECF No. 50.) Defendants opposed the motion, arguing the motion should be denied because: (1) Emanuel did not include any points and authorities supporting the motion; and (2) Administrative Regulation ("AR") 722.09(11) states "Recordable CDs or DVDs are not an acceptable medium for inmate legal mail unless delivered directly from a Nevada court subject to verification of content." (ECF No. 51.) In reply, Emanuel reiterates that he seeks the video, not to view it, but to send it to prospective counsel. (ECF No. 55.)

As a starting point, the NDOC's ARs appear to be internally inconsistent. AR 722.09(11), which is cited by Defendants, is specifically related to legal mail, and prohibits an inmate from receiving "recordable" CDs in their legal mail. However, AR 711.1, which is the NDOC's "Inmate Property Manuals," explicitly permits inmates to possess up to "12 CDs" in their cell. *See* AR 711.1(5)(A)(4)(a)(1). It is unclear why the AR in question

permits inmates to, in fact, keep <u>audio</u> CDs in their cell but not <u>video</u> CDs or DVDs. It is also unclear why the video requested by Emanuel in his motion may be considered unacceptable legal mail if the video is provided by the NDOC itself, through NDOC's counsel. However, at this time, the Court will not attempt to make sense of these internally inconsistent regulations because the Court will not order a copy of the video for Emanuel to mail to an attorney who may, or may not, agree to represent him. In this instance, even if a copy of the video was provided to Emanuel, he would have no way to copy the video to mail copies, and he has not identified any prospective counsel or whether any of those attorneys have even made a request to view the video. Nonetheless, the Court agrees that should a prospective attorney wish to view the video, it should be made available.

Therefore, the Court **GRANTS**, **in part**, and **DENIES**, **in part**, Emanuel's motion, (ECF No. 50), as follows:

1. On or before June 10, 2022, Defendants shall file a notice of manual filing and provide a copy of the video of the incident that occurred in the showers at ESP on March 29, 2020 to the Court.

2. The Court will retain the video in the Clerk's Office. Emanuel may advise prospective counsel that the Court will allow the video to be reviewed in the Clerk's Office upon request.

3. Emanuel shall not be permitted to possess a copy of the video in his cell. However, he will be entitled to review a copy of the video according to NDOC's policies and procedures.

**DATED**: May 26, 2022.

**UNITED STATES MAGISTRATE JUDGE**