**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>COLLINS, *et al.*,<br><br>                    Defendants. | Case No. 3:20-CV-00566-RCJ-CLB<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND DENYING MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**<br><br>[ECF Nos. 112, 113] |

On June 21, 2023, Plaintiff Troy Emanuel's ("Emanuel") filed a first amended complaint without filing a motion to amend and without leave of court. (ECF No. 112.) The following day, Emanuel filed a motion for leave to file a first supplemental civil rights complaint. (ECF No. 113.) For the reasons discussed below, the first amended complaint, (ECF No. 112), is stricken, and the motion for leave to supplement, (ECF No. 113), is denied.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(2) further instructs that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Further, LR 15-1 requires a party to attach proposed amended pleadings to a motion seeking leave of court to file an amended pleading. Finally, LR 7-2(d) states the failure of a moving party to file points and authorities in support of a motion constitutes a consent to the denial of the motion.

Here, Emanuel filed his proposed amended complaint without leave and without an accompanying motion or points and authorities in support of his proposed first amended complaint. Accordingly, **IT IS ORDERED** that Emanuel's first amended

complaint, (ECF No. 112), is **STRICKEN**, for the failure to follow Fed. R. Civ. P. 15, LR 15-1, and LR 7-2(d).[1]

Next, because it appears Emanuel's motion for leave to file a first supplemental civil rights complaint, (ECF No. 113), is falsely premised on the assumption that the first amended complaint was the operative complaint, the motion, (ECF No. 113), is **DENIED**.

Finally, counsel for Emanuel is reminded of their obligation to follow the Rules of Civil Procedure, the Local Rules for the District of Nevada, and all court orders when representing an individual in a civil rights case. The purpose of pro bono appointments is to aid the Plaintiff and the Court in streamlining the litigation—not to clog the docket with improper filings. Any additional failures to follow the rules or file documents that are not supported by the rules and law applicable to civil rights actions will result in sanctions.

**IT IS SO ORDERED.**

DATED: June 23, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court also notes that the proposed amended complaint does not comply with Fed. R. Civ. P. 10, which requires a party to state their claims in "numbered paragraphs to a single set of circumstances." Although there are numbered paragraphs to some items, many of the paragraphs contain various facts in one paragraph. For example, in Paragraph 13, Emanuel lists ALL supporting facts for his excessive force claim. (ECF No. 112 at 4.). This single paragraph spans almost an entire page. (*Id.*) This is improper. Each individual fact related to this claim should be stated separately to allow Defendants to provide proper answer to each alleged fact. Should Emanuel choose to file a motion to amend the complaint, any proposed amended complaint must comply with Rule 10.