UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COLLINS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:20-CV-00566-RCJ-CLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[ECF No. 117] |

Before the Court is Plaintiff Troy Emanuel's ("Emanuel") motion for leave to file an amended complaint. (ECF No. 117.) Defendants Abraham Collins, Michael Gamberg, Johnny Colin, and David Santana (collectively referred to as "Defendants"), opposed the motion, (ECF No. 120), and Emanuel replied, (ECF No. 123). For the reasons stated below, the Court grants Emanuel's motion for leave to file an amended complaint.

**I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Emanuel is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. On October 1, 2020, Emanuel filed a civil rights complaint under 42 U.S.C. § 1983 alleging Defendants used excessive force against him while he was incarcerated at ESP. (ECF Nos. 1-1, 4.) In his verified complaint, Emanuel stated the following: on March 29, 2020, Brown, Gamberg, and Kircher came to Emanuel's cell and informed him that he was required to go to the shower. (ECF No. 4 at 6.) After Emanuel left his cell, he slipped in some water. (*Id.*) When Emanuel slipped, Brown and Gamberg slammed Emanuel to the ground. (*Id.*) Gamberg began punching Emanuel in the ribs and yelled that he would kill Emanuel and break his ribs. (*Id.* at 6-7.) Gamberg started smashing Emanuel's face into the ground. (*Id.* at 7.) Collins started bending Emanuel's legs and ankles and stating he would break them. (*Id.*) Santanna slammed his knee into Emanuel's back. (*Id.*) Emanuel was told to get up, but he could not walk because of the injuries to his ribs. (*Id.*) Emanuel asserted

that he needed medical attention, but an unknown person or persons told the nurse that Emanuel refused treatment. (*Id.*)

On March 9, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A and permitted Emanuel to proceed on a single excessive use of force claim under the Eighth Amendment against Defendants Brown, Gamberg, Collins, and Santana for monetary relief. (ECF No. 3.) The Court dismissed, without prejudice, Defendants Kircher and Gitter. (*Id.*) Defendant Brown was dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) based on a failure to effectuate service. (ECF No. 71.) Emanuel now seeks to amend his complaint. (ECF No. 117.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band*

of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III.  DISCUSSION

Emanuel now seeks to amend his complaint to remove defendant Abraham Collins and replace him with defendant Johnny Colin, remove defendants Kircher and Gittere, add defendants Brown and Brandon Stubbs, add additional factual allegations to his single excessive force claim, and modify his requested relief. (ECF No. 117.)

Defendants oppose the motion, arguing that Collins stipulates to his dismissal from the case, Kircher and Gittere have already been dismissed, and amendment is highly prejudicial, will cause undue delay, and confuse the issues. (ECF No. 120.)

First, Defendants are correct that Kircher and Gittere were already dismissed from this action at the screening stage, (*See* ECF No. 3), and therefore amendment is not necessary for this purpose. Additionally, Defendant Johnny Colin has already been substituted for Abraham Collins, and Colin has been properly served and responded to this action, (*See* ECF Nos. 100, 103, 104), and therefore amendment is not necessary for this purpose either.

Nonetheless, looking to the rest of the proposed amended pleading, which adds additional defendants, additional factual allegations, and modifies the requested relief, the Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Emanuel's favor. First, rather than bad faith, the record demonstrates that Emanuel is acting in good faith to amend his complaint to add additional facts related to the single excessive force claim already before the Court. Second, Emanuel timely filed his amended pleading and thus did not delay in seeking

amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to add one additional defendant and reallege claims against a defendant, Brown, who was dismissed without prejudice. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint states a colorable excessive force claim against Defendants Stubbs, Brown, Gamberg, Colin, and Santana . Finally, this is Emanuel's first amended pleading, thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in Emanuel's favor, and, therefore, the Court concludes that amendment is proper.

## IV.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Emanuel's motion for leave to file an amended complaint, (ECF No. 117), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Emanuel's first amended complaint, (ECF No. 117-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the first amended complaint will **PROCEED** on a single Eighth Amendment excessive force claim against Defendants Johnny Colin, FNU Brown, David Santanna, Michael Gamberg III, and Brandon Stubbs.

**IT IS FURTHER ORDERED** that service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Emanuel of whether it can accept service on behalf of **Defendants FNU Brown and Brandon Stubbs**. If the Attorney General's Office cannot accept service on behalf of Brown and/or Stubbs, the Office shall file under seal, the last known addresses of those defendants for whom it has such information. If the last known address of a defendant is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical

address.

**IT IS FURTHER ORDERED** that if service cannot be accepted for Brown and/or Stubbs, Emanuel shall file a motion identifying the unserved defendant, requesting issuance of a summons, and specifying a full name and address for the defendant. For each defendant as to which the Attorney General has not provided the defendant's last-known-address, Emanuel shall provide the full name and address for the defendant.

**IT IS FURTHER ORDERED** that Defendants Johnny Colin, David Santanna, and Michael Gamberg III shall file and serve an answer or other response to the first amended complaint within **60 days** from the date of this order.

**IT IS SO ORDERED.**

**DATED**: July 14, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**