UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY EMANUEL, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COLLINS, *et al.*,<br><br>　　　　Defendants. | Case No. 3:20-CV-00566-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 109] |

This case involves a civil rights action filed by Plaintiff Troy Emanuel, Jr. ("Emanuel") against Defendants Johnny Colin, Abraham Collins, Michael Gamberg, and David Santana (collectively referred to as "Defendants"). Currently pending before the Court is Emanuel's motion for temporary restraining order. (ECF Nos. 109, 110[2].) Defendants responded, (ECF No. 116), and Emanuel replied, (ECF Nos. 133, 135[3]). For the reasons stated below, the Court recommends that Emanuel's motion for temporary restraining order, (ECF No. 109), be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Emanuel is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. On October 1, 2020, Emanuel filed a civil rights complaint under 42 U.S.C. § 1983 alleging Defendants used excessive force against him while he was incarcerated at ESP. (ECF Nos. 1-1, 4.) In his verified complaint, Emanuel states the following: on March 29, 2020, Brown, Gamberg, and Kircher came to Emanuel's cell and informed him that he was required to go to the shower. (ECF No. 4 at 6.) After Emanuel left his cell, he slipped in some water.

---

[1]   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   ECF No. 110 consists of exhibits filed in support of the motion.

[3]   ECF No. 135 consists of exhibits filed under seal in support of Emanuel's reply.

(*Id.*) When Emanuel slipped, Brown and Gamberg slammed Emanuel to the ground. (*Id.*) Gamberg began punching Emanuel in the ribs and yelled that he would kill Emanuel and break his ribs. (*Id.* at 6-7.) Gamberg started smashing Emanuel's face into the ground. (*Id.* at 7.) Collins started bending Emanuel's legs and ankles and stating he would break them. (*Id.*) Santanna slammed his knee into Emanuel's back. (*Id.*) Emanuel was told to get up, but he could not walk because of the injuries to his ribs. (*Id.*) Emanuel asserted that he needed medical attention, but an unknown person or persons told the nurse that Emanuel refused treatment. (*Id.*)

On March 9, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A and permitted Emanuel to proceed on a single excessive use of force claim under the Eighth Amendment against Defendants Brown, Gamberg, Collins, and Santana for monetary relief. (ECF No. 3.) The Court dismissed, without prejudice, Defendants Kircher and Gitter. (*Id.*) Defendant Brown was dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) based on a failure to effectuate service. (ECF No. 71.) On June 27, 2023, Emanuel filed a motion to amend his complaint, (ECF No. 117), which the Court granted, (ECF No. 129). Thus, the first amended complaint, (ECF No. 130), is the operative complaint in this case. The first amended complaint asserts a single Eighth Amendment excessive force claim against Defendants Johnny Colin, Brown, Santana, Gamberg, and Stubbs. (*Id.*)

On March 7, 2022, Emanuel filed a motion for protective order, which the Court construed as a motion for preliminary injunction. (ECF Nos. 42, 47.) In the motion, Emanuel sought injunctive relief to prevent alleged further abuse from correctional officers and an order for his transfer or release from prison. (ECF No. 42.) Emanuel asserted that before and after the March 29, 2020 incident that forms the basis of his claim in this case, he was either verbally or physically assaulted by correctional officers on various occasions. For example, he asserts that he was subject to excessive force by unnamed correctional officers on September 24, 2019, September 15, 2020, and January 4, 2021. (*Id.* at 1.) He also claims that on April 30, 2021 a female correctional officer named "Ms.

Bodenheimer" used racial slurs against him. (*Id.* at 1-2.) Emanuel further claims Bodenheimer "let out" two Mexican/Caucasian inmates from their cell who proceeded to stab an African American inmate causing a fight to ensue. (*Id.* at 2.) Based on these incidents, Emanuel claims that "he feels unsafe" and requests a transfer to another facility. (*Id.*)

On June 12, 2023, Emanuel filed the instant motion for temporary restraining order, based on an inmate assault on Emanuel that occurred on May 30, 2023, and alleged continued retaliation for pursuing the instance excessive force claim. (ECF No. 109). Emanuel requests that the Court enter an order "restraining Defendants and any other NDOC employee from further retaliating against Mr. Emanuel in any way." (*Id.* at 2.) [4]

## II.  LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Emanuel has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

---

[4]  In his original motion, Emanuel also requested that the Court enter an order directing the transfer of Emanuel to a different facility within the NDOC. (ECF No. 109 at 2.) However, Emanuel withdrew this request in his reply. (ECF No. 133 at 7.)

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against

prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 3:08-cv-410-LRH(RAM), 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:09-cv-3012-JAM KJN P, 2014 WL 458218, at *2 (E.D. Ca. Feb. 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.).

**III.   DISCUSSION**

Having reviewed all the filings related to this motion with the above-cited principles in mind, the Court finds that Emanuel's motion should be denied. Although Emanuel briefly restates the facts of this case concerning an alleged use of excessive force on March 29, 2020, the primary substance of this motion is related to incidents that occurred after the acts that form the basis of this case. In particular, an inmate assault that occurred

in May 2023 and alleged retaliatory acts that have occurred since the primary incident at issue in this case. Emanuel has failed to establish or explain how any of these allegations or complaints have any nexus or relationship to the allegations in the underlying complaint, which is limited to a single incident of excessive force on March 29, 2020. Therefore, this motion seeks relief based on new allegations—that are distinct from issues presented in the complaint—and must be denied. *See e.g., Padilla*, 2011 WL 2746653, at *8 (denying request for preliminary injunction unrelated to claims in the complaint). Like the *Mitchell* and *Burton* cases discussed above, Emanuel's motion alleges claims related to retaliation that are distinct from the issues that are proceeding in this case. Accordingly, this Court lacks authority to grant the relief requested, and on this basis alone, the motion should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, which requires a sufficient nexus between the claims raised in the motion and the claims set forth in the underlying complaint. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.)

Based on the above, the Court concludes that a temporary restraining order is not warranted, and Emanuel's motion should be denied.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Emanuel's motion for temporary restraining order, (ECF No. 109), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Emanuel's motion for temporary restraining order, (ECF No. 109), be **DENIED**.

**DATED**: August 1, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**