UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TROY EMANUEL, JR.,

    Plaintiff

v.

COLIN, et al.,

    Defendants

Case No.: 3:20-cv-00566-ART-CSD

**Order**

Re: ECF Nos. 196[1]/197

Before the court is Plaintiff's second motion for alternative service of the amended complaint and summons on defendant Brandon Stubbs. (ECF Nos. 196/197.)

Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

    (1) following state law for serving a summons … in the state where the district court is located or where service is made;

    (2) doing any of the following:

      (A) delivering a copy … to the individual personally;

      (B) leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

      (C) delivering a copy … to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Nevada allows for service of an individual by the same methods. Nev. R. Civ. P. 4.2(a)(1).

---

[1] ECF No. 196 is the sealed version of the motion.

Nevada also allows for service by alternative means if the traditional service methods are "impracticable;" the plaintiff has undertaken due diligence to locate and serve the defendant; the plaintiff provides the defendant's known or last known contact information; and the plaintiff demonstrates that the proposed alternative service methods comport with due process. Nev. R. Civ. P. 4.4(b).

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (citation omitted).

When Plaintiff was represented by counsel from the Federal Public Defender's (FPD) Office, the FPD used its own investigator, Jessie Moorehead, to attempt to locate and serve Stubbs. The Attorney General's Office provided a last known address for Stubbs in Copperas Cove, Texas. Moorehead contacted some of Stubbs' family members. His sister said she did not have contact information for Stubbs. His mother advised that Stubbs had moved, and she said she had no contact information from him. Stubb's wife informed the investigator that they had separated. Moorehead was unable to reach Stubbs by his last reported phone number. Moorehead visited an address in Las Vegas that had previously been associated with Stubbs, but the occupant advised Stubbs had not lived there for three years.

Moorehead sent an email to Stubbs at an email address that a database indicated had been associated with Stubbs, but the investigator received no response.

The FPD also retained a professional process server in Texas, who went to Stubbs' last known address. On the first occasion, the process server spoke to a woman who said that Stubbs was her husband, but they were separated, and Stubbs may live in Las Vegas. On another

occasion, the process server spoke to Stubbs' wife, who again advised they were separated and Stubbs was not there. On a third occasion, the process server knocked on the door, but no one responded. The process server spoke to the Warden's Assistant at the Texas Department of Criminal Justice, who confirmed Stubbs was employed as a guard there, but would not allow service, and confirmed the last known address in Texas.

The process server attempted service on Stubbs again at the Texas address. On the first and second occasions, no one responded to his knocks. On the third occasion, a minor answered the door and said no one was home. On the fourth occasion, the process server left the amended complaint and summons on the front door.

The FPD then attempted to send the amended complaint and summons to Stubbs at the Texas address by certified mail, but it was returned with a notation that the "addressee was not known at the deliver address."

The FPD's office then engaged another investigator who searched various online databases and identified two possible physical addresses for Stubbs: the Texas address and an address in McGill, Nevada, and the same email address.

Plaintiff asks to serve Stubbs by email and by service by mail at the last known address in Texas and his last known address in Nevada.

While the court finds that service of Stubbs by the traditional methods of serving an individual have proved impracticable and that he has diligently attempted to locate and serve Stubbs, Plaintiff has not demonstrated that the proposed alternative means would comport with due process. That is to say, Plaintiff has not established that serving Stubbs by these methods is reasonably calculated to provide notice and an opportunity to respond.

Plaintiff has not shown that Stubbs actually or currently uses the email address the FPD investigators found had been associated with him at some point. One investigator sent an email to that email address, but he received no response. There is no evidence of Stubbs using that email address for any other communication.

Moreover, Plaintiff has not demonstrated that service by mail at either the Texas or Nevada addresses is reasonably calculated to give Stubbs notice of this action. The process server in Texas never saw Stubbs at the Texas address. Instead, his wife told the server they were separated, and Stubbs did not live there and may live in Las Vegas. His other family members did not have contact information for him. Nor is there any information that leads the court to believe that Stubbs actually resides at the address in McGill, Nevada, so that mailing the summons and complaint either to the physical address or Post Office Box would be likely to give him notice of this lawsuit.

For these reasons, Plaintiff's motion to serve Stubbs by alternative means (ECF No. 196) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 24, 2024

_____
Craig S. Denney
United States Magistrate Judge